UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eric Flores, | ) | C/A No. 6:13-0167-GRA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| United States Attorney General; United States | ) | RECOMMENDATION |
| Department of Health and Human Services; Public | ) | |
| Health Service, named Sierra Medical Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Eric Flores ("Plaintiff"), a *pro se* litigant proceeding *in forma pauperis*, files this lawsuit against a federal official, federal agency, and a public health service, named Sierra Medical Center. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c)(DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the pleadings in accordance with applicable law, the undersigned concludes that this action should be dismissed as frivolous, and a warning issued to Plaintiff concerning any future frivolous filings.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a district court to dismiss a case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ( per curiam ). However, even under this less stringent standard, a *pro se*

pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir.1990).

## DISCUSSION

Plaintiff, a Texas resident, seeks to file a class action with himself as the representative of the class of Mexican American citizens.  ECF No. 1.  Petitioner identifies his action as a "'Federal Tort Complaint Against Torture'" and alleges, as follows:

> . . . it is necessary for the court to enter an order issueing directives for the United States Attorney General to show cause why its agents, officer, employees, or agencies are using advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing a genetic code to cause the petitioner and his immediate relatives severe physical and mental pain for long durations exceeding calendar years which was equivalent in intensity to organ failure, impairment of body functions, and death.

ECF No. 1 at 9-10.  This allegation is repeated throughout the ninety-five page complaint with some variations.  Plaintiff seeks injunctive relief, as follows, that:

> will serve the public interest of health and safety by prohibiting an organized group of executive employees of the federal government that are persons of white [A]merican national origin whom reside in the geographic location of South Carolina from further tortureing a protected class of [M]exican [A]merican citizens of the United States (whom are hereby designated to be the petitioner and his immediate relatives) without the authorization of the United States government.

ECF No. 1 at 89.

Plaintiff's allegations that unspecified employees of the federal government have tortured various Mexican Americans, who are family members and/or friends of Plaintiff, through the use of direct signals from satellites utilizing genetic codes, are not unique to

2

this complaint in this district. The location has changed to South Carolina, but these, or substantially similar, allegations have been asserted in pleadings filed in several other federal district courts.[1] This Court joins the many district courts that have reviewed the substantially similar complaints filed by Plaintiff and concluded the pleading is frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). The complaint in this case should be dismissed as frivolous.

### WARNING TO PLAINTIFF OF POSSIBLE FUTURE SANCTIONS

The Western District of Texas, in 2010, imposed a pre-filing monetary sanction based on Plaintiff's vexatious history of frivolous actions in that court. *See Flores v Wiles*, No. 3:10-00258-NJG (W.D.Tex. Aug. 9, 2010)(collecting cases, imposing monetary

---

[1] In the first three months of 2013 Plaintiff filed a nearly identical pleading in the following courts, sometimes more than once: *Flores v. United States Attorney General*, No. 3:13-cv-00002-RCJ-VPC (D.Nv. Jan. 2, 2013) *Flores v. United States Attorney General*, No. 3:13-cv-00018-MPS (D.Ct. Jan. 3, 2013); *Flores v. United States Attorney General*, No. 1:13-cv-00001-SM (D.N.H. Jan. 4, 2013); *Flores v. United States Attorney General*, No. 2:13–cv-00464–DMC-JAD (D.N.J. Jan. 14, 2013); *Flores v. United States Attorney General*, No. 2:13–cv-10192–NGE-PJK (E.D.Mich. Jan. 17, 2013);*Flores v. United States Attorney General*, No. 4:12–cv-04144–SOH, 2013 WL 310073 (W.D.Ark. Jan.23, 2013); *Flores v. U.S. Attorney General*, No. 3:13-cv-00045-HEH (E.D. Va. January 29, 2013); *Flores v. United States Attorney General*, No. 1:13–cv-00544–CCB (D.Md. Feb. 19, 2013); *Flores v. United States Attorney General*, No. 2:13–cv-00906–MMB (E.D.Pa. Feb. 25, 2013); *Flores v. United States Attorney General*, No. 1:13–cv-00053–DBH, 2013 WL 1122719 (D.Me. Feb. 26, 2013); *Flores v. United States Attorney General*, No. 13-cv-00033, 2013 WL 969057 (D.Vt. Mar. 12, 2013); *Flores v. United States Attorney General*, No. 2:13-cv-00284 (E.D.Wis. Mar. 13, 2013); *Flores v. United States Attorney General*, No. 4:13-cv-00525-ERW (E.D.Mo. Mar. 13, 2013); *Flores v. United States Attorney General*, No. 1:13–cv-00556–JTT-JDK (W.D.La. Mar.15, 2013); *Flores v. United States Attorney General*, No. 5:13–cv-00263–C (W.D.Ok. Mar.15, 2013); *Flores v. United States Attorney General*, No. 2:13-cv-05324 (S.D.W.Va. Mar. 15, 2013).

sanction). Plaintiff's vexatious filing expanded to many other district courts as well. *See Flores v. U.S. Attorney General*, No. 3:13-cv-00045-HEH, Document 2, * 2, n.1 (E.D. Va. January 29, 2013) (collecting cases); *see also* cases cited *supra* note 1. Plaintiff's frivolous and vexatious filings also resulted in a pre-filing injunction issued by the United States Supreme Court, limiting Plaintiff's filings in that court to only criminal matters unless the filing fee is paid in the noncriminal matter and the petition conforms to the rules of the court. *Flores v Holder*, No. 11-9316, 132 S.Ct. 2397 (May 14, 2012) (mem.). Although Plaintiff has a history of frivolous lawsuits in the federal courts, this is the only case Plaintiff has filed in this district court. Nonetheless, given Plaintiff's extensive history of abuse of the court process, **Plaintiff is warned that any further frivolous filings in this Court will result in filing restrictions being placed upon him, requiring prior permission to file upon review of Plaintiff's motion to file and proposed pleading. If Plaintiff persists in attempting to file frivolous pleadings, monetary sanctions may also be imposed.**

## RECOMMENDATION

The complaint is frivolous, so it is recommended that the complaint be **dismissed with prejudice** and without service of process.

*[signature: Jacquelyn D. Austin]*

Jacquelyn D. Austin
United States Magistrate Judge

March 25, 2013
Greenville, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>300 E. Washington Street, Room 239
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).