UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Eric Flores, | ) | C/A No.: 6:13-cv-00167-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States Attorney General; | ) | |
| United States Dept. of Health and | ) | |
| Human Services; and Public Health | ) | |
| Service, named Sierra Medical Center, | ) | |
| a/k/a Sierra Medical Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina, and filed on March 25, 2013.  Plaintiff Eric Flores ("Plaintiff"), a *pro se* litigant proceeding *in forma pauperis*, filed this action under the Federal Tort Claims Act, 28 U.S.C. § 2671, on January 16, 2013. ECF No. 1.  Pursuant to established procedure in this judicial district, Magistrate Judge Austin made a careful review of the *pro se* complaint and recommends that this Court dismiss Plaintiff's claims with prejudice and without service of process.  Report and Recommendation, ECF No. 9.

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Furthermore, "[t]he failure to file objections to the report and recommendation waives any further right to appeal." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see Carter v. Pritchard*,

34 F. App'x 108, 108 (4th Cir. 2002) (per curiam).  Plaintiff did not file any objections to the Report and Recommendation which were due on April 11, 2013.

After a review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and the applicable law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.  Plaintiff is warned that the filing of any additional frivolous lawsuits may result in filing restrictions being placed upon him.

**IT IS THEREFORE ORDERED** that Plaintiff's claims are DISMISSED *with prejudice* and without service of process.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

April  25 , 2013
Anderson, South Carolina